DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile:  (408) 354-5513

Trustee for Debtor(s)


UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

| | |
|---|---|
| In re: | Chapter 13<br>Case No.  20-50286 SLJ |
| MICHAEL RAYMOND HESS | THIRD AMENDED TRUSTEE'S OBJECTION TO CONFIRMATION WITH CERTIFICATE OF SERVICE |
| ANGEL LYNN HESS | Continued 341 Meeting Date: MAY 11, 2020 @ 9:30 AM<br>Confirmation Hearing Date: APRIL 23, 2020<br>Confirmation Hearing Time: 9:55 AM<br>Place: 280 S. 1st Street Room 9<br>        San Jose, CA |
| Debtor (s) | Judge: Stephen L. Johnson |

Devin Derham-Burk, Trustee in the above matter, objects to the Confirmation of this Plan for the following reasons:

1.  The Trustee is unable to determine whether 11 U.S.C. §1325(a)(5)(B)(ii) is met.  It appears that the plan proposes to reduce a secured claim based on the value of personal property collateral.  The Trustee is unable to recommend confirmation of the plan until entry of an order valuing the collateral.

3.  The Trustee cannot recommend confirmation of the Plan because the Application for Compensation has not been filed.

Case: 20-50286    Doc# 31    Filed: 05/07/20    Entered: 05/07/20 15:09:48    Page 1 of 4

4. The Debtor has not complied with the following provisions contained in General Order 34 of the United States Bankruptcy Court for the Northern District of California therefore the plan cannot be confirmed:

    a. The Debtor has failed to provide the Chapter 13 Trustee with Form NDC 1-2 Domestic Support Obligation Checklist.

5. The Debtors have failed to appear and/or submit to examination under oath at the Meeting of Creditors under 11 U.S.C. § 341(a). Without conducting this examination, the Trustee is unable to adequately investigate the Debtors' financial affairs as she is required to do pursuant to 11 U.S.C. § 1302(b)(1) (incorporating 11 U.S.C. § 704(a)(4)). In addition, until the Debtors are examined by the Trustee, she is unable to recommend confirmation of the Debtors' plan. The Trustee requests that the Debtors appear at a rescheduled meeting of creditors.

6. The Debtors have failed to provide the Trustee with either or both 1) a government photo identification, or 2) proof of social security number. See 11 U.S.C. § 521(h). Without being able to establish the identity of the Debtors, the Trustee is unable to adequately investigate the financial affairs of the Debtors or recommend confirmation. The Trustee requests that the Debtors provide her with verification of both identity and social security number.

7. The Debtors failed to provide copies of income tax returns prior to the 11 U.S.C. §341 meeting of creditors. So that the Trustee can verify that the copies that the Debtors provide are true and correct copies of the returns that were provided to the taxing agencies, the Trustee requests a declaration signed by the Debtors stating under penalty

Case: 20-50286   Doc# 31   Filed: 05/07/20   Entered: 05/07/20 15:09:48   Page 2 of 4

of perjury that the returns provided are true and correct copies of the returns that the Debtors submitted to the taxing authorities.

8. The Debtors' plan is not in compliance with 11 U.S.C. §1322(b)(5) for the following reason: Lakeview Loan Servicing, LLC has filed a proof of claim that includes an amount for a pre-petition escrow shortage and Debtors' plan provides for direct payments to Lakeview Loan Servicing, LLC in Section 3.10 because Debtors believed that mortgage payments were current at the time of filing. The Trustee cannot recommend confirmation of the plan unless the Debtor either 1) amends the plan to move Lakeview Loan Servicing, LLC from Section 3.10 and place Lakeview Loan Servicing, LLC in Section 3.07 OR 2) fully pays the escrow shortage and provides the Trustee with a declaration with proof attached evidencing the full payment. NOTE: If Debtors amends the plan to list Lakeview Loan Servicing, LLC in Section 3.07, Debtor will also need to file a declaration with attached proof that all post-petition mortgage payments to Lakeview Loan Servicing, LLC have been paid in order to meet the feasibility test of 11 U.S.C. §1325(a)(6).

Dated: May 6, 2020

/S/ Devin Derham-Burk

_____

Chapter 13 Trustee

**CERTIFICATE OF SERVICE BY MAIL**

      I declare that I am over the age of 18 years, not a party to the within cause; my business address is 105 Cooper Court, Los Gatos, California 95032. I served a copy of the within Trustee's Objection to Confirmation by placing same in an envelope in the U.S. Mail at Los Gatos, California on May 7, 2020.

      Said envelopes were addressed as follows:

| | |
|---|---|
| MICHAEL RAYMOND HESS<br>ANGEL LYNN HESS<br>738 CABLE CT<br>SANTA CRUZ, CA 95062 | LAW OFFICE OF AARON LIPTON<br>7690 B SOQUEL DR #156<br>APTOS, CA 95003 |

/S/ Clotilde Costa
Office of Devin Derham-Burk, Trustee

Trustee's Objection to Confirmation – 20-50286 SLJ