1  Brian S. Healy, State Bar No. 112371
   TIERNEY, WATSON & HEALY
2  A Professional Corporation
   351 California Street, Suite 600
3  San Francisco, California  94104
   Telephone:  (415) 974-1900
4  Facsimile: (415) 974-6433

5  Attorneys for Creditor
   Bank of the West

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re:                                    )    Case No:  20-50286
                                          )
Michael Raymond Hess &                    )
Angel Lynn Hess,                          )    Chapter 13
                                          )
         Debtors.                         )
                                          )
_____ )

**OPPOSITION TO MOTION TO VALUE COLLATERAL**

Bank of the West opposes the Motion to Value Personal Property filed on behalf of Angel Hess.  The sole "evidence" of the value of the accounts receivable of Ms. Hess law practice is a single sentence in her declaration based upon her information and belief.

There is no basis for debtors decision to break the receivable of her law practice into two groups - receivables less than 90 days and receivables of greater than 90 days.   The later of which are valued at zero.

There does not appear to be any effort to evaluate the receivables individually, what steps, if any, to attempt to collect those receivables, or whether Ms. Hess continues to represent those clients.

Bank of the West, through the undersigned, has requested on at least 2 occasions that it be provided with the detail listing of the accounts which make up the accounts

receivable.  That would permit Bank of the West to evaluate the value of the receivables.  This request has been not yielded any reply from debtor's counsel.

Bank of the West submits that the debtor should not be able to conceal all information from a secured creditor and then seek to reduce the value of the receivables from the total accounts receivable listed on the schedules of $119,336 to a figure less than 10% of that total.

At a minimum, the debtor should provide reasonable information to the secured creditor, the trustee, and the court  so it can be determined that the assigned valuation is proper or if the secured creditor should seek to have the accounts receivable the debtor believes are worthless surrendered to the secured creditor to let it attempt collection efforts.

DATED:  June 8, 2020

                                                  TIERNEY, WATSON & HEALY
                                                  A Professional Corporation

                                                  By  /s/
                                                       Brian S. Healy